IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BIGPAYOUT, LLC, a Utah Limited Liability Company, FINISH POINT MARKETING, LLC., a Utah Limited Liability Company, , <br><br> Plaintiff, <br> v. <br><br> MANTEX ENTERPRISES, LTD., a corporation, AMBER BUSINESS SERVICES, d/b/a AMBER NOMINEES LIMITED, a Corporation, and LUIS HENRIQUE SANTOS REIS VALENTE SOARES, an individual, <br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DEPOSITION <br><br> Case No. 2:12-cv-1183-RJS-BCW <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Brooke C. Wells |

District Judge Robert J. Shelby referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the Court is Plaintiff Bigpayout, LLC and Finish Point Marketing LLC's (collectively referred to as "Plaintiffs") Motion to Compel Defendant's Deposition.[2] This matter has been fully briefed by the parties and is ripe for decision. Upon review and consideration of the materials submitted in relation to this Motion, the Court finds oral argument unnecessary and will decide this motion based upon the briefs. For the reasons set forth more fully below, the Court GRANTS Plaintiff's Motion and ORDERS that Defendant Soares travel to Utah for his deposition.

## BACKGROUND

Defendant Luis Henrique Santos Reis Valente Soares (hereinafter referred to as "Soares") is the sole owner of Defendant companies Mantex Enterprises, Ltd. ("Mantex") and Amber Nominees Limited ("Amber"). Soares resides in Brazil. This dispute arises from contracts that

---

[1] Docket no. 53.
[2] Docket no. 52.

were entered by and between Plaintiffs, Mantex and Amber.  Specifically, the agreement at issue signed by Soares, on behalf of Mantex states "[a]ny litigation arising out of this Agreement will be brought exclusively in the state or federal courts located in Utah County, Utah, and the parties irrevocably agree that jurisdiction and venue properly lie in such courts."

Plaintiffs wish to depose Soares.  Soares refuses to come to Utah for his deposition. Instead, Soares would like to be deposed in Brazil.  However, Brazilian law significantly limits Plaintiffs ability to depose Soares in Brazil.  Specifically, according to the United States Department of State:

> Brazil is not a party to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. The United States is not a party to the evidence provisions of the Inter-American Convention on Letters Rogatory and Additional Protocol. Brazilian authorities do not permit persons, such as American attorneys, to take depositions for use in a court in the United States before a U.S. consular officer, with the assistance of a Brazilian attorney, or in any other manner. Brazilian law views the taking of depositions for use in foreign courts as an act that may be undertaken in Brazil only by Brazilian judicial authorities. The Government of Brazil asserts that, under Brazilian Constitutional Law, only Brazilian judicial authorities are competent to perform acts of a judicial nature in Brazil. Brazil has advised it would deem taking depositions in Brazil by foreign persons to be a violation of Brazil's judicial sovereignty. Such action potentially could result in the arrest, detention, expulsion, or deportation of the American attorney or other American participants. The United States recognizes the right of judicial sovereignty of foreign governments based on customary international law and practice.  It is the State Department's understanding that the Brazilian prohibition on taking depositions by foreign persons extends to telephone or video teleconference depositions initiated from the United States of a witness in Brazil. The U.S. Embassy or Consulates in Brazil could in no way participate in, or otherwise sanction, such a proceeding. The State Department advises U.S. citizens contemplating participation in such a proceeding, without Brazil's concurrence, obtained through diplomatic channels, to consider carefully the possible legal consequences of doing so.[3]

---

[3] *Legal Considerations*, U.S. DEPARTMENT OF STATE-BUREAU OF CONSULAR AFFAIRS, http://travel/state.gov/content/travel/english/legal-considerations/judicial/country/brazil.html (last updated Nov. 15, 2013),

Therefore, the issue before the Court is whether Plaintiff should be compelled to be deposed in the Utah due to the limitations placed on American attorneys who wish to depose individuals in Brazil.

## ANALYSIS

Generally, trial courts "ha[ve] great discretion in establishing the time and place of a deposition."[4] However, courts in the 10th Circuit have found, [i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party."[5]

As support for its position, Plaintiff relies on two cases, *Synthes(U.S.A.) v. G.M. dos Reis Jr. Ind. Com. De Equip. Medico*[6] and *Partecipazionia Bulgari, S.p.A. v. Meige*[7] In both cases, foreign deponents were required to be deposed in the United States. *In Synthes,* the United States District Court for the Southern District of California found "[b]ecause Brazilian law subjects foreign attorneys who conduct depositions of Brazilian nationals in Brazil to potential arrest, detention, expulsion, or deportation, any depositions of Brazilian nationals in this case are to be conducted in the United States."[8] Soares argues that these cases are distinguishable and are not persuasive. Further, Soares argues "Plaintiffs have failed to overcome the presumption that the deposition be taken where Mr. Soares lives." Therefore, Soares argues that Plaintiffs have failed to realize that depositions in Brazil are possible and "rather than attempt to meet the

---

[4] *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987).
[5] *O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (D. N.M. 2004)(quoting *Metrex Research Corp. v. United States*, 151 F.RD. 122 (D. Colo. 1993).
[6] No. CIV 07-CV-309-L AJB, 2008 WL 81111 (S.D.Cal. Jan. 8, 2008)(unpublished).
[7] No. 86-2516-CIV-RYSKAMP, 1988 WL 113346 (S.D. Flaz. May 23, 1988)(unpublished).
[8] *Id*. at *7.

requirements to conduct the deposition in Brazil, Plaintiffs have sought to convince Mr. Soares to bear the full burden of inconvenience and come to Utah for a deposition."[9]

Upon review of the foregoing and in light of the Court's "great discretion in dictating the time and place of a deposition," the Court finds that good cause exists to require Soares to attend his deposition in the United States at Plaintiff's expense. The Court finds that this is the just resolution based upon the very heavy restraints placed upon foreign attorneys under Brazilian law. While the Court agrees with Soares that depositions in Brazil are not impossible, the Court finds that the restraints contained in Brazilian law present "unusual and exceptional circumstances" that warrant the Court to compel Soares to travel to the United States for his deposition.

## CONCLUSION & ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1) Plaintiff's Motion to Compel Defendant's Deposition[10] is GRANTED.

2) Defendant Luis Henrique Santos Reis Valente Soares is to appear for his deposition at the law office of Plaintiffs' counsel in Salt Lake City, Utah within 60 days from the issuance of this Order unless the parties agree in writing submitted to the Court to a longer timeframe.

3) Plaintiffs are to bear all costs related to Defendant's deposition, including necessary travel and lodging expenses required for Soares's travel from Brazil.

---

[9] Docket no. 55.
[10] Docket no. 52.

DATED this 13 October 2015.

*Brooke C. Wells*

Brooke C. Wells
United States Magistrate Judge